IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **NIKKI HOPKINS,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br>v.<br><br>**COLONEL'S LIMITED, LLC d/b/a PAPA JOHN'S PIZZA,**<br><br>Defendant. | Case No. _____<br><br>Class/Collective Action Complaint<br><br>Jury Demanded |

## COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff, Nikki Hopkins ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Complaint against Defendant, Colonel's Limited, LLC d/b/a Papa John's Pizza, and alleges as follows:

1. Defendant operates numerous Papa John's Pizza franchise stores. Defendant employs delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant used a flawed method to determine reimbursement rates that neither reimburses the drivers for their actual expenses, nor at the IRS business mileage rate which is legally required and a reasonable approximation of those expenses. This under-reimbursement causes their wages to fall below the federal minimum wage during some or all workweeks.

1

2.      Moreover, Defendant paid Plaintiff and similarly situated delivery drivers a sub-minimum wage, utilizing a "tip credit." However, Plaintiff and similarly situated delivery drivers failed to earn enough in tips to make up the difference between their cash wage and the applicable minimum wage, causing their wages to fall below the applicable minimum wage during one or more weeks.

3.      Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and as a class action under the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.*, to recover unpaid minimum wages owed to Plaintiff and similarly situated delivery drivers employed by Defendant at their Papa John's Pizza stores.

## Jurisdiction and Venue

4.      The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's MWHL and MWPCL claims as the claims are so related to Plaintiff's FLSA claim that they form part of the same case or controversy.

5.      Venue in this District is proper under 28 U.S.C. § 1391 because Defendant resides in this District.

## Parties

6. Defendant, Colonel's Limited, LLC d/b/a Papa John's Pizza is a Virginia corporation maintaining its principal place of business at 150 Elden St, Ste 140, Herndon, VA 20170. Defendant may be served via its registered agent, C T Corporation System at 4701 Cox Rd, Ste 285, Glen Allen, VA 23060, or wherever he may be found.

7. Plaintiff was employed by Defendant from approximately April 2017 to April 2020 as a delivery driver at Defendant's Papa John's Pizza store located in Dundalk, MD.[1] Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "Exhibit 1."

### General Allegations

### *Defendant's Business*

8. Defendant operates numerous Papa John's Pizza franchise stores including stores within this District and this Division.

9. Defendant's Papa John's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### *Defendant's Flawed Automobile Reimbursement Policy*

10. Defendant requires their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

---

[1] On occasion, Plaintiff also worked at Defendant's Papa John's Pizza stores located in Brooklyn, MD and Baltimore, MD.

11. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendant.

12. Pursuant to the Department of Labor Field Operations Handbook, employers are required to either: (1) track and reimburse delivery drivers for their actual expenses, or (2) reimburse delivery drivers at the IRS business mileage reimbursement rate. Moreover, the IRS business mileage reimbursement rate represents the reasonable approximation of delivery drivers' actual expenses.

13. Defendant's delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the reimbursement is not based on their actual expenses. Moreover, the reimbursement amount is below the IRS business mileage reimbursement rate or a reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

14. During the applicable FLSA limitations period (2018 – 2021), the IRS business mileage reimbursement rate ranged between $.545 and $.58 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.589 and $.637 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

15. However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

16. Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly failed to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

17. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

18. Defendant failed to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

19. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

20. Regardless of the precise amount of the per-delivery or per-mile reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

21. Plaintiff was paid the applicable minimum wage while employed by Defendant, including a tip credit applicable to the time she performed deliveries.

22. During the time Plaintiff worked for Defendant as a delivery driver, she was reimbursed just $1.14 per delivery and drove an average of 8-10 or more miles per trip. Plaintiff estimates she made approximately two to three deliveries per trip. This means plaintiff was getting paid approximately $.25 to $.38 per mile.

23. During the relevant time period, the IRS business mileage reimbursement rate ranged between $.545 and $.58 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the *lowest* IRS rate and the *higher* of the approximate rate per mile Plaintiff was making per mile driven ($.38 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased her net wages by at least $.155 ($.535 - $.38) per mile.

24. During her employment by Defendant, Plaintiff regularly made approximately 3 or more deliveries per hour. Thus using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by *at least* $.465 ($.155 x 9 miles x 3 deliveries).

25. All of Defendant's delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

26. Because Defendant paid their drivers a gross hourly wage below the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

27. While the amount of Defendant's actual reimbursements per delivery may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Papa John's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

28. The net effect of Defendant's flawed reimbursement policy is that Defendant has willfully failed to pay the federal minimum wage to their delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

### *Defendant's Illegal Application of the Tip Credit*

29. As a delivery driver, Plaintiff and those similarly situated delivery drivers earned tips in addition to their hourly wage.

30. Defendant paid Plaintiff and similarly situated delivery drivers according to what is commonly referred to as the "tip credit."

31. Pursuant to the tip credit provisions of the FLSA and the MWHL, employers are permitted to take a "tip credit" for those employees who customarily and regularly receive more than $30.00 per month in tips.

32. Employers electing to use the tip credit must be able to show that tipped employees receive at least the minimum wage when direct wages and the tip credit amount are combined. If an employee's tips combined with the employer's direct wage do not equal at least the applicable minimum hourly wage, the employer must make up the difference.

33. Plaintiff and similarly situated delivery drivers did not always receive enough in tips to make up the difference between their tipped hourly wage and the mandatory minimum hourly wage, causing violations of the federal minimum wage in one or more weeks. However, Defendant edited and changed Plaintiff's and similarly situated delivery drivers' records to create the appearance of having received sufficient tips to avoid paying the difference between the tipped hourly wage and the mandatory minimum hourly wage.

34. As a result, Defendant was not entitled to utilize the FLSA and MWHL's tip credit provisions during those weeks to credit Plaintiff and similarly situated delivery driver's tips towards a portion of their minimum wage obligations.

## Class and Collective Action Allegations

35. Plaintiff brings Count I as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

36. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

37. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail and electronic means.

38. Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

    a. They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

    b. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

    c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

    d.    They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

    e.    They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f.    They were subject to the same pay policies and practices of Defendant;

    g.    They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

    h.    They were reimbursed similar set amounts of automobile expenses per delivery;

    i.    They were paid a sub-minimum wage before deducting unreimbursed business expenses;

    j.    They were paid using the application of a tip credit; and

    k.    They did not receive the requisite amount of tips to permit the use of the tip credit in one or more weeks.

39.    Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, individually and as the Class Representatives of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendants in Maryland since the date three years preceding the filing of this Complaint.

40. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who worked for Defendants in Maryland who do not opt-out of the Class.

41. The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

42. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation:

a. Whether Defendant failed to pay Class members the minimum wage required by Maryland law;

b. Whether Defendant failed to reasonably reimburse Class members for using their own vehicles to deliver Defendant's pizzas and other food items; and

c. Whether Defendant's formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members.

43. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to

consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

    44.    Plaintiff's claims are typical of those of the Class in that:

    a. Plaintiff and the Class have worked as delivery drivers for Defendant delivering pizzas and other food items to Defendant's customers;

    b. Plaintiff and the Class delivered pizzas and other food items using

automobiles not owned or maintained by Defendant;

    c. Defendant required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

    d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendant;

    e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f. Plaintiff and the Class were subject to the same pay policies and practices of Defendant;

    g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably

approximate reimbursements, resulting in wages below the Maryland minimum wage in some or all workweeks;

h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

i. Plaintiff and the Class were paid at or near Maryland minimum wage before deducting unreimbursed business expenses;

j. They were paid using the application of a tip credit; and

k. They did not receive the requisite amount of tips to permit the use of the tip credit in one or more weeks.

45. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class.

46. Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the Class she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

47. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is

desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

48. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I: Violation of the Fair Labor Standards Act of 1938

49. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 – 48 as though fully set forth herein.

50. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

51. Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

52. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

53. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

54. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

55. As alleged herein, Defendant has reimbursed delivery drivers less than either (1) their actual expenses, or (2) the IRS business mileage rate, which is a reasonably approximate amount of their automobile expenses. This under-reimbursement diminishes these employees' wages beneath the federal minimum wage.

56. Additionally, Defendant improperly utilized the tip credit during one or more weeks where Plaintiff and similarly situated delivery driver's tips did not make up the difference between their tipped wage and the federal minimum wage.

57. Defendant knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

58. Defendant, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

59. Plaintiff and all similarly situated delivery drivers are victims of uniform and employer-based compensation and reimbursement policies. These

uniform policies, in violation of the FLSA, have been applied, and continue to be applied, to all delivery driver employees in Defendant's stores.

60. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses, plus payment at the full minimum rate during weeks where the tip credit was improperly applied, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

61. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

62. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II:  Violation of the Maryland Wage and Hour Law and Maryland Wage Payment and Collection Law

63. Plaintiffs reassert and re-allege the allegations set forth above.

64. Pursuant to the MWHL and MWPCA, Defendant was required to pay Plaintiff and the Putative Plaintiffs all wages, when due, for all hours of work at hourly rates which exceeded the minimum wage rate under the MWHL on their regular pay date.

65. As alleged herein, Defendant has reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the Maryland minimum wage.

66. Additionally, Defendant improperly utilized the tip credit during one or more weeks where Plaintiff and similarly situated delivery driver's tips did not make up the difference between their tipped wage and the Maryland minimum wage.

67. Defendant's failure to Plaintiff and the Putative Plaintiffs all wages, when due, at hourly rates which exceeded the minimum wage rate under the MWHL on their regular pay date was not the result of a bona fide dispute.

68. As set forth above, the Plaintiff and the Putative Plaintiffs have sustained losses and lost compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff, on behalf of herself and the Putative Plaintiffs, seeks damages in the amount of her unpaid earned compensation, treble damages, plus reasonable attorneys' fees and costs. *See* Md. Code Ann., Lab. & Empl. § 3-507(b).

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) treble damages, (3) costs of litigation and attorney's fees as provided by law; and (4) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated this 27th day of January, 2022.

Respectfully submitted,

**/s/ TARA TIGHE**
Tara Tighe, Esq.
Virginia Bar No. 85825
Morgan & Morgan, P.A.
4250 North Fairfax Drive
Ste. 635
Arlington, VA 22203
Telephone: (571) 357-7598
Email: ttighe@forthepeople.com

*Local Counsel*

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq. *(pro hac vice forthcoming)*
FBN 0015527
Jolie N. Pavlos, Esq. *(pro hac vice forthcoming)*
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
JPavlos@forthepeople.com

*Counsel for the Plaintiff(s)*